UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In Re:                                              Case No. 11-54145
                                                    Chapter 11
TMG CANTON CROSSINGS LLC,                           Hon. Walter Shapero
a Michigan Limited Liability Company,

    Debtor.
_____/

### FIRST DAY MOTION FOR ORDER AUTHORIZING USE
### OF CASH COLLATERAL AND FOR IMMEDIATE HEARING

PURSUANT TO F.R. BANKR. P. 4001 AND LBR 4001-2, TMG CANTON CROSSINGS LLC ("Canton Crossings"), Debtor in Possession, through SULLIVAN, WARD, ASHER & PATTON, P.C., its attorneys, hereby requests the entry of an Order authorizing its use of Cash Collateral, pursuant to Section 363(c)(3) of the Bankruptcy Code, and for an immediate hearing, and in support of its request shows:

1. Debtor filed a Petition for relief under Chapter 11 of the Bankruptcy Code on May 17, 2011, and since that time has remained in possession of its assets and has continued to operate its business as a Debtor in Possession. The Debtor owns and operates an apartment complex consisting of 744 residential units and associated amenities, located in Canton, Michigan (the "Property").

2. To the best of Debtor's knowledge, the creditor holding a security interest in collateral which may constitute "Cash Collateral" under Section 363 of the Bankruptcy Code is: Wells Fargo Bank ("Wells Fargo"), which holds an alleged security interest in rents of the Debtor and a mortgage against the Property.

3. The debt allegedly due Wells Fargo is approximately $29,280,000. The Debtor believes its physical assets are worth approximately $17,500,000. Because of the nature of this filing, Debtor has not had an opportunity to obtain an appraisal.

4. Because of the proscription in Section 363(c) of the Bankruptcy Code against unauthorized use of cash collateral, and the Debtor's immediate need to use the cash generated from its business to continue operations, Debtor requests that this Motion be granted an immediate hearing.

5. Proceeds from Debtor's operations are necessary to continue its operations, to maintain the Property and for formulating an eventual Plan of Reorganization.

6. Time is crucial for Debtor as Debtor has no other adequate source of cash to fund its continuing operations, without the approved use of cash generated in its Chapter 11 proceeding.

7. Debtor's most immediate need is for the use of such proceeds as are necessary to pay current expenses, including but not limited to operational expenses, including wages, FICA and FUTA taxes attributable thereto, property taxes, maintenance expenses, utilities, office supplies and other miscellaneous expenses.

8. Debtor believes that Wells Fargo is adequately protected in that it is believed that the Debtor's funds upon which Wells Fargo has a Security Interest being spent are being expended for the benefit of the Property and the Debtor's business operations related thereto. Further, Debtor recognizes the requirements imposed by Section 361 and 363 of the Bankruptcy Code and may be willing to provide adequate protection to the secured party in an amount which is appropriate.

9. Debtor needs the amount of $110,000.00 on an immediate basis pending a final hearing.

10. Section 363(c) of the Bankruptcy Code permits a debtor's use of cash collateral in the ordinary course of its business operation if the debtor provides an entity with adequate protection of its interest in cash collateral, as that term is defined in Section 363(a) of the Bankruptcy Code.

11. Attached hereto as Proposed Order Exhibit A is proposed ORDER AUTHORIZING DEBTOR'S USE OF CASH COLLATERAL, GRANTING SENIOR LIEN ON PROPERTY OF THE ESTATE AND FOR OTHER RELIEF. Debtor believes the terms and provisions of said proposed Order are reasonable and appropriate under the circumstances.

**WHEREFORE**, Debtor requests that this Court grant the following relief:

A. Hold an immediate hearing on this Motion pursuant to Section 363(c) of the Bankruptcy Code.

B. Authorize the Debtor to collect and use cash collateral, as defined in Section 363(a) of the Bankruptcy Code in the ordinary course of Debtor's business in the amount of $110,000.00 pending a final hearing on this motion.

C. Grant such other and further relief as may be appropriate under the circumstances.

Respectfully Submitted,

SULLIVAN, WARD, ASHER,
& PATTON, P.C.

By: _____
DEBRA B. PEVOS (P36196)
Attorney for Debtor
25800 Northwestern Highway, Suite 1000
Post Office Box 222
Southfield, MI 48037-0222
(248) 746-0700

Dated: May 17, 2011
W1008384.DOC